Oveeton, J.
 

 delivered the following opinion of the Court:—
 

 
 *201
 
 It is averred in the declaration, that the defendant purchased of the plaintiff a horse ; “ who then and there well knowing the said horse to be unsound and blind, and laboring under, and afflicted with certain other distempers, by warranting the said horse to be sound in all respects, then and there falsely and fraudulently bargained,” &e.
 

 In the course of the trial, the deposition of Francis Henderson 'was offered in evidence, which was objected to, as being illegally taken. The Court admitted it to be read to the jury, to which Glasscock’s counsel excepted. Other testimony was given to the jury, as appears from the evidence of several witnesses. After the evidence on the part of the plaintiff was gone through, the counsel for Glasscock prayed the Court to instruct the jury that the evidence did not support the action; but the Court refused so to do, to which the then defendant excepted; upon which a writ of error was obtained. The Circuit Court affirmed the judgment of the County Court, from which a writ of error has removed the cause to this Court.
 

 It is admitted in the argument at the bar, that the deposition of Henderson was illegally taken, and of this opinion was the circuit judge; but agreeably to his opinion, this made no difference, as the deceit was proven by other witnesses, who were sworn in the cause. On recurrence to the deposition of Henderson, it evidently appears that this testimony was material to the point in issue. In the other bill of exceptions, the aggregate meaning of the testimony on the part of the plaintiff, including Henderson’s deposition, is stated. As the amount of the
 
 viva voce
 
 testimony is not given separate from that contained in the deposition, it is impossible for the Court to say what points in the cause were proved by the
 
 viva voce
 
 testimony, and what was not. And as Henderson’s deposition was pertinent to the issue, the Court cannot say what effect it had with the jury. This was a matter which lay in their peculiar province. In order to enable the Court to see that the action was sustained, independently of Henderson’s deposition, it must appear," either that the whole of the material facts sworn to by him, were admitted by the record to have been ascertained by other witnesses; or that the whole deposition was irrelevant. Now neither of these things appeared from the record. On this ground the judgment of the Circuit Court must be reversed. The facts disclosed in the other bill of exceptions, show that the Court did not err in refusing to instruct the jury that the whole of the evidence on the part of the plaintiff, did not support the plaintiff’s action. The plaintiff in error insists that the evidence should correspond precisely with the allegations in the declaration ; and for this purpose relied on 1 John. 96. In the, sale of personal property there are two grounds on which an action can be supported, supposing such property to be defective, — first, an express warranty, though the seller be ignorant of the defect; secondly,
 
 *202
 
 where there is no warranty, but the seller knew of the defect, and did not disclose it on the sale. In this case there is an averment in the declaration that Glasscock knew the horse to be blind when he sold him; and though it be asserted that the defendant warranted the horse to be sound in all respects whatever, it ought not to preclude a recovery on evidence showing that Glasscock knew of the blindness, but fraudulently concealed it.
 

 Norn. — The words “his eyes were his chap,” on page 264, are the words'of the original,—and further this deponent sayeth not. — Ed.
 

 Though the terms of the declaration go beyond the proof, they still include it.
 

 On the ground of the deposition being improperly admitted, and not on the other point, the judgment must be reversed, and the cause remanded to the Circuit Court to be tried.